ANNA M. LJUNGBERG v. VILLAGE OF NORTH MANKATO.[1]

November 21, 1902.

Nos. 13,292—(84).

### Defective Sidewalk—Duty to Repair.

In an action to recover for injuries received by a pedestrian who fell upon a plank sidewalk on the principal street of a village of one thousand inhabitants, where obvious defects had continued for more than twenty days before the accident, the question whether a sufficient time had elapsed to impose upon the village authorities the duty to repair *held* to be for the jury.

### Service of Notice of Injury.

*Held*, further, under the facts in this case, that the question whether proof of proper service of notice of the accident upon the defendant had been made was also for the jury.

### Excessive Damages.

A verdict for $1,250 for an injury to a lady twenty-nine years of age, who, by reason thereof, was confined to her bed for eight weeks, and to her room for a period of six weeks thereafter, and who continued to suffer pain and inconvenience therefrom until the trial, two years later, was not, under the evidence, excessive.

Action in the district court for Nicollet county to recover $6,000 for personal injuries received from a fall caused by a defective sidewalk. The case was tried before Webber, J., and a jury, which rendered a verdict in favor of plaintiff for $1,250. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*W. R. Geddes* and *A. A. Stone,* for appellant.

*W. E. Young* and *C. R. Davis,* for respondent.

LOVELY, J.

Action for personal injuries suffered by plaintiff through a fall upon a sidewalk in the village of North Mankato. She had a verdict. This appeal is from an order overruling defendant's motion for a new trial.

Belgrade avenue is the principal street in the village, which has

[1] Reported in 92 N. W. 401.

about one thousand inhabitants. Located upon this thoroughfare are several stores, two churches, a schoolhouse, with a number of private residences, such as would usually be found on the main street of a place of that population. The sidewalk where the accident occurred was in front of a private residence on the north side of the street. It was constructed of eight-inch planks laid crosswise upon three stringers, which were supported by small stone piers. More than twenty days before the accident the owner of the building on the adjacent lot caused a section of this walk to be cut out and removed in order to permit teams to pass to and from his premises for his own convenience. The section thus removed was put back after two days. The evidence tended to show that, when it was replaced, two planks, one at each end of the section, were loose; also, that the sidewalk was unstable, and tipped under pressure from persons traveling upon it. Plaintiff, a music teacher, was returning home from the duties of her vocation, and stepped upon one of the loose boards. It flew up, causing her to trip and fall, whereby she received severe injuries to her right ankle, for which she had a verdict of $1,250. The defendant complains of this result upon three grounds: First, that defendant did not have sufficient notice of the defective condition of the walk; second, that proper evidence of the service of the notice of injury was not made at the trial; and, third, that the damages are excessive.

No direct notice of the condition of the walk was conveyed to the authorities, and the duty to repair, upon which the consequent right to recover must be predicated, rests upon evidence that it had continued in a defective condition so long that the village was bound to take notice of its condition. This would be termed constructive notice of the defect; and might depend upon the nature and extent of the use of the walk, as well as the length of time the defective condition had existed before the accident. We cannot lay down any rule to determine the time a defect must continue to constitute such notice that will be absolute. Each case must depend upon its own facts. The negligence of a municipality in allowing defects in sidewalks to continue is relative, and, of necessity, its location; the extent to which it is traveled; its

appearance, suggesting the probable discovery of the defect; and the difficulty or ease with which its imperfections will be remedied by the authorities charged with the duty to repair,—are essential, and affect this question.

It appears that a person who had been employed to work on the streets passed over the walk on several occasions between the time it was interfered with by the owner of the adjacent lot and the accident, but it was not shown that he had supervision thereof. It also appears that this was a walk quite extensively traveled by the inhabitants of the village; also that its defective condition was apparent, and easily discovered; and we are of the opinion that the learned trial court did not err in holding that the circumstances disclosed by the evidence made it a question of fact for the jury whether, at the time plaintiff was injured, defendant was charged with such notice of its condition as imposed upon it the duty to make suitable repairs.

We are also of the opinion that reasonable proof of the notice required by law to be given to cities and villages before action is commenced was made in this case. It is not denied that the recorder of the village received a notice proper in form, although it was a carbon copy; but there was a reasonable comparison of such copy with the original. The service of the copy was by a third party, who did not read its contents. This omission was, however, otherwise supplied. No claim is made that the village did not have knowledge of the injury to plaintiff within the requisite time through such notice, and this objection is without merit.

At the time of the accident plaintiff was an unmarried lady, twenty-nine years of age, enjoying a remunerative employment as a music teacher. By reason of the injury she was confined to her bed two weeks. After this she changed her physician. Her injured limb was then put in a plaster cast, and kept there six weeks, during which time she was compelled to remain in a confined and painful position. It was then placed in another cast, and remained there for a further period of six weeks, during the greater portion of which she was confined to her bed. After the second cast was removed, she was unable for a while to step on her

foot. For months plaintiff suffered much pain from her injury, which continued up to the trial, two years afterwards.

While this testimony was disputed, it was for the jury to determine the weight that should be given it. In view of the character of the injury and the extent of the suffering sustained by this lady, we do not think the trial court erred in holding that the verdict was not excessive.

It was also claimed that the change of physicians by the plaintiff was not conducive to her recovery. We cannot say that, in the exercise of plaintiff's discretion in selecting her physician, she was negligent, or should be charged with error of judgment, in her first choice, or subsequent change of her medical advisers and assistants.

Order affirmed.